## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| KATHERINE M., | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | )      No. 1:22-cv-00195-NT |
| | ) |
| KILOLO KIJAKAZI, | ) |
| **Acting Commissioner of** | ) |
| **Social Security,** | ) |
| | ) |
| **Defendant** | ) |

## REPORT AND RECOMMENDED DECISION

The Plaintiff in this Supplemental Security Income (SSI) appeal contends that, after the Administrative Law Judge (ALJ) purported to give weight to the opinions of two medical experts, he erred by failing to account for those experts' findings that she had moderate limitations in interacting appropriately with coworkers and supervisors. *See* Statement of Errors (ECF No. 14).[1]  I discern no error and recommend that the Court affirm the Commissioner's decision.

### I. Background

The Plaintiff applied for benefits in January 2020. *See* Record at 100. After her claims were denied at the initial and reconsideration levels, she requested a hearing before an ALJ. *See id.*  That hearing took place in August 2021, following which the ALJ issued a decision finding that she had the severe impairments of a

---

[1] Although the Plaintiff "also filed a claim for disability insurance benefits" at the administrative level, "she does not assert any error with respect to the ALJ's denial of that claim."  Statement of Errors at 1 n.1.  Accordingly, I will cite only the regulations applicable to SSI claims.

personality disorder, arthritis, obesity, right ankle dysfunction, and anxiety. *See id.* at 100, 102.  Considering these impairments, the ALJ found that the Plaintiff had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 416.967(b) except that she could (1) occasionally push or pull with her right lower extremity; (2) occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds; (3) not be exposed to unprotected heights or moving mechanical parts; (4) perform only simple, routine tasks; (5) not have any interaction with the public; and (6) adapt to simple changes in the work setting.  *See id.* at 105. Ultimately, the ALJ concluded that the Plaintiff could not return to her past relevant work with such an RFC but could perform other jobs existing in significant numbers in the national economy and was therefore not disabled.  *See id.* at 112-14. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-4, making that decision the final determination of the Commissioner. *See* 20 C.F.R. § 416.1481.

## II.  Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001).  Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings.  *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record

could arguably support a different result.  *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991).  But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts."  *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

### III.  Discussion

Brian Stahl, Ph.D., and Leigh Haskell, Ph.D., evaluated the Plaintiff's mental RFC at the initial and reconsideration levels respectively.  *See* Record at 288-97, 317-28.  Drs. Stahl and Haskell rated the Plaintiff's "ability to interact appropriately with the general public" as markedly limited but rated her "ability to accept instructions and respond appropriately to criticism from supervisors," "get along with coworkers or peers without distracting them or exhibiting behavioral extremes," and "maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness" as only moderately limited.  *Id.* at 295, 326.  In their narrative discussions, Drs. Stahl and Haskell both stated, "[The Plaintiff] is not able to work with the public but can work with coworkers and supervisors.  She would do better in employment with limited interactions."  *Id.*

The ALJ found that Drs. Stahl's and Haskell's opinions were consistent with the evidence of record but found Dr. Haskell's findings on reconsideration "the most persuasive" because they were "supported by a more detailed narrative with updates from the initial level."  *See id.* at 109-10.

The Plaintiff argues that the ALJ did not adequately account for Drs. Stahl's and Haskell's findings that she was moderately limited in her ability to interact

3

appropriately with coworkers and supervisors and that she would do better in employment with limited interactions. *See* Statement of Errors at 5-10. She contends that after the ALJ found Drs. Stahl's and Houston's opinions persuasive, he was obligated to include these additional social limitations in his RFC assessment or at least explain why he did not do so. *See id.* at 8.

These arguments are unavailing.

The moderate limitations on which the Plaintiff relies were not part of Drs. Stahl's and Haskell's mental RFC assessments; rather, they were merely categorical ratings of the Plaintiff's social functioning. *See* Record at 295, 326. As the form used by Drs. Stahl and Haskell made clear, their "actual mental" RFC assessments were "recorded in the narrative discussion(s) . . . following each category of limitation." *Id.* at 294, 325; *Scott R. v. Kijakazi*, No. 1:21-cv-00067-GZS, 2022 WL 391690, at *4 (D. Me. Feb. 9, 2022) (rec. dec.) ("[T]he moderate limitations on which the [claimant] relies are not RFC findings, which describe the most you can still do despite your limitations. Instead, as the form completed by [the agency nonexamining consultants] makes clear, the actual mental RFC assessment is recorded in the narrative discussion(s) . . . ." (cleaned up)), *aff'd*, 2022 WL 603033 (D. Me. Mar. 1, 2022).

In their narrative discussions of the Plaintiff's social limitations, Drs. Stahl and Haskell both explicitly opined that she could work with coworkers and supervisors. *See* Record at 295, 326. Dr. Stahl explained that the Plaintiff got "along adequately with healthcare providers" and that although her "personality disorder

would limit some types of employment" she was "able to do what [was] outlined in the" mental RFC he assessed.  *Id.* at 295-96.  Dr. Haskell further noted, "[A healthcare] provider describes [the Plaintiff] as pleasant and cooperative.  She attends appointments, shops in the community, and socializes with family in person and on the phone and uses social media." *Id.* at 326 (cleaned up).

Contrary to the Plaintiff's arguments, the ALJ was entitled to rely on Drs. Stahl's and Haskell's bottom line conclusion that the Plaintiff retained the capacity to work with coworkers and supervisors despite her moderate limitations. *See Scott R. v. Kijakazi*, 2022 WL 391690, at *4-5 (rejecting a claimant's argument that the ALJ failed to account for his moderate social limitations where the ALJ relied on the opinions of the experts who had assessed those moderate limitations and those same experts had found that the claimant retained the ability to work with coworkers and supervisors).  And that conclusion provides substantial evidence in support of the ALJ's ultimate RFC assessment.

Drs. Stahl's and Haskell's suggestion that the Plaintiff would do better in jobs with limited interaction does not call into question their conclusion that she could work with coworkers and supervisors.  The suggestion was not an RFC finding because it did not describe the most the Plaintiff could still do despite her limitations. *See* 20 C.F.R. § 416.945(a)(1).  Accordingly, the ALJ was not obligated to account for it in his RFC assessment or explain why he did not do so.  *See Litwin v. Colvin*, No. C15-1334-JLR-MAT, 2016 WL 487707, at *3 (W.D. Wash. Jan. 15, 2016) (rec. dec.) ("[T]he ALJ's RFC assessment need not address how a claimant would 'do best': RFC

5

is the most, not the least, that a claimant can do."), *aff'd*, 2016 WL 525488 (W.D. Wash. Feb. 7, 2016); *Hines v. Comm'r of Soc. Sec.*, No. 3:20-cv-620, 2021 WL 1895011, at *8 (N.D. Ohio Feb. 25, 2021) (rec. dec.) ("[B]ecause an RFC is not an optimization measure, the ALJ had no duty to explain why she did not integrate into the RFC the state agency consultants' statement that [the claimant] would 'perform best' in a solitary environment without over the shoulder supervision."), *aff'd*, 2021 WL 1571659 (N.D. Ohio Apr. 22, 2021); *cf. Purdy v. Colvin*, No. 1:15-cv-330-JDL, 2016 WL 2770520, at *3-4 (D. Me. May 13, 2016) (rec. dec.) (noting that a medical expert's statement "that it would be difficult for" a claimant "to carry any weight due to her knee problems" could not "be translated into a specific limitation, much less a prohibition on lifting altogether"), *aff'd*, 2016 WL 4766222 (D. Me. Sept. 13, 2016), *aff'd*, 887 F.3d 7 (1st Cir. 2018).

Finally, the Plaintiff's attempt to bolster her arguments by pointing to evidence showing that she struggled to maintain employment and get along with others is no more than an unavailing invitation for this Court to reweigh the evidence and reach a different conclusion. *See* Statement of Errors at 9-10. Drs. Stahl and Haskell considered evidence along the same lines and still found that the Plaintiff could work with coworkers and supervisors. *See* Record at 291, 295, 320, 326; *Nathaniel-Bishop W.B. v. Kijakazi*, No. 1:20-cv-00323-JAW, 2021 WL 4147245, at *4 (D. Me. Sept. 12, 2021) (rec. dec.) (noting that courts generally lack the expertise to second-guess the opinions of medical experts), *aff'd*, 2021 WL 5750391 (D. Me. Dec. 2, 2021). Likewise, the ALJ considered the Plaintiff's claims that she struggled

to get along with authority figures but found those claims to be not entirely consistent with the evidence. *See* Record at 104-06; *Becky K. G. v. Saul*, No. 1:20-cv-00089-GZS, 2020 WL 7418974, at *5 (D. Me. Dec. 17, 2020) (rec. dec.) ("That the record could arguably support a different conclusion does not entitle [a claimant] to remand; it is for the ALJ, not the court, to draw conclusions from the evidence and to resolve any conflicts therein."), *aff'd*, 2021 WL 66609 (D. Me. Jan. 7, 2021).

## IV. Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: April 6, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge